# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

**V.**  CASE NO. 1:04CR136

**DAVID LYNN COX**

## ORDER

This cause comes before the Court on the separate motions by Defendant David Lynn Cox **[168-1; 293-1]** to dismiss. The Court has reviewed the briefs and exhibits and is prepared to rule.

Cox is charged in three counts of a sixteen-count indictment filed on August 26, 2004. Count One of the indictment charges Cox, along with other defendants, with conspiring to distribute and possess with intent to distribute a mixture and substance containing cocaine base (crack cocaine), in violation of 21 U.S.C. § 246 and 841(a)(1), (b)(1)(C). On July 19, 2005, Cox filed his first motion which seeks to dismiss Count One of the indictment against him. On July 26, before the Court could rule on that motion, Cox pled guilty to Count Fifteen of the indictment, and the Government in exchange, agreed to dismiss all other counts. Accordingly, the Court never had an opportunity to rule on the first motion to dismiss. On March 29th, 2006, the Court granted Cox's motion to withdraw his guilty plea and his case was reset for trial. On April 5, 2006, Cox filed his second motion to dismiss, raising alternative grounds for dismissal. The Court will now address both motions.

**I.  THE FIRST MOTION TO DISMISS.**

In his first motion to dismiss, Cox argues that Count One should be dismissed for lack of sufficiency because it fails to provide him with notice of the particular manner and means by which

the conspiracy was enacted or of the respective roles of the alleged co-conspirators. In the alternative, the motion would have the Court order the Government to file a bill of particulars identifying the following information: (1) the basis for the allegation that the conspiracy began "on or about June 13, 2000 and continuing through on or about September 19, 2003" and the dates that each co-conspirator is alleged to have joined the conspiracy charged in the count; (2) all overt acts allegedly committed in furtherance of the conspiracy alleged in Count One; (3) all dates, times and places at which Cox is alleged to have combined, conspired and agreed with any and all co-defendants to commit the violations alleged in Count One; and (4) the names of all unidentified persons "whose identities are known to the grand jury" with whom Cox allegedly conspired.

In order to be constitutionally sufficient, an indictment must allege every element of the crime charged. United States v. Partida, 385 F.3d 546, 554 (5th Cir. 2004). The elements of a conspiracy under 21 U.S.C. § 841 and 246 require the Government to prove that Cox knowingly and willingly agreed with at least one other person to distribute and possess with intent to distribute cocaine base. See 21 U.S.C. § 841; 21 U.S.C. § 846. Count One of the indictment tracks the statutory language and is constitutionally sufficient.

Furthermore, the Court agrees with the Government that Cox's request for a bill of particulars seeks information beyond that normally available through a bill of particulars, including explication of the Government's evidence and legal theories upon which it will rely at trial. U.S. v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980)("The function of a bill of particulars is to enable the defendant to prepare for trial and avoid judicial surprise as well as providing protection against a subsequent prosecution for the same offense"). It appears that the Government has complied with its Brady obligations, and Cox has failed to show that his trial preparation will be prejudiced by the

Government's refusal to provide any additional information such as is sought by the instant motion. Accordingly, Cox's first motion to dismiss is without merit.

II.     **THE SECOND MOTION TO DISMISS.**

In Cox's second motion, he avers that the confidential informant who provided evidence against him in Counts 14 and 15 is a "proven liar" who is "wholly unreliable." Cox also claims to have six sworn statements by witnesses that Cox could not have committed the acts outlined in Count 15 of the indictment in the manner proclaimed by the indictment and that there is no audio or video evidence of any drug activity by him or indeed any evidence at all other than the potential testimony of a Government witness which "has been proven repeatedly false, erroneous and untrustworthy." Cox also purports to possess video of that witness conferring with Government agents during their selection of Cox as an investigative target, and Cox asserts that this video demonstrates that the witness did not believe that Cox was involved in drug dealing.

As the Government rightly points out, "the propriety of granting a motion to dismiss an Indictment under Rule 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." U.S. v. Flores, 404 F.3d 320, 324 (5th Cir. 2005)("If a question of law is involved, then consideration of the motion is generally proper"). In the case at bar, Cox's arguments in favor of dismissal do not turn on any issues of law. On the contrary, they turn entirely on issues of witness credibility, and this Court may not safely consider such issues by way of a pre-trial motion without invading the province of the jury. The Court declines to do so.

## CONCLUSION

Based on the foregoing analysis, it is hereby **ORDERED**:

3

1. that the defendant's first motion to dismiss **[168-1]** is **DENIED**, and

2. that the defendant's second motion to dismiss **[293-1]** is **DENIED**.

This is the 25th day of April, 2006.

                                                 **/s/ Michael P. Mills**
                                             **UNITED STATES DISTRICT JUDGE**